Chief Justice Robertson,
delivered the opinion of the Court,.
This is a suit in chancery, for dower in a tract of land, conveyed away by the husband *39 during coverture. The circuit court decreed dower to the complainant, and approved the report of the commissioners appointed' to make the assignment. The only objection made in this court to the decree, is, that the complainant had legally relinquished her right of dower, by concurring with her husband in the conveyance.
Conveyance fied™by °jus-' tices of any other county which * the land lies, not pass/0® title from vendor, unless “hew°iK.Vonly that the conveyance was cdkn|nn'°also subscribed by him in their piesencc.
*39 The deed purports to be a conveyance by husband and wife. The name of each is subscribed to it; and two justices of the peace of Culpepper county, Virginia, in which county the appellee and her husband then resided, certified on the deed, that the husband had acknowledged it in their presence, and that the wife, being privily examined, also acknowledged it, and relinquished her right of dower.
That certificate having been properly authenticated, the deed was recorded in the proper office in this state, in due time.
The counsel for the appellant, insists that the certificate of the justices, is sufficient to show that the ■right of dower has been legally relinquished. And the counsel for the appellee contend that the certificate is insufficient, because.it does not shew that the deed was “subscribed,''’ in the presence of the justices. The point thus involved, is the only one presented by the assignment of errors, for consideration by this court.
As the common law has no bearing on this case, the statute law of this state must alone decide the controversy.
As there was no dedimus to the justices who made the certificate, the only statute which applies directly to the question now presented, is that of 1792, I Digest 310, afterwards incorporated in an act of 1798, regulating conveyances. The first section of the act of 1792, declares, in substance, that husband and wife may “acknowledge and subscribe a deed, in the presence of two justices of the peace, in the county where they reside;” and that the said justices, having privily examined the wife, and ascertained that she fairly relinquished her right of dower, should “certify ihesame.,}
The second section provides that parties residing in any other state, may convey in the same way.
Whenjnstices of another comity than that m which the land lies, comfy a conveyance ol it by husband & a relinquish-dower therein by the wife, üie certificate that* hit-band not only acknowledged an/f/blit suh scribed it in the presence ofthojustices, otherwise the -wife is not di■vested of her la°nd°r 1 No ° statute which inode”for*”/ linquishment of dower, duímsband, unless he/ by concurring; in «conveyance divest himself (or has pre'"tod*" him-9*3* of his fee,
This court has frequently decided, that a conveyance certified only by justices of any other county than that in which the land lies, does not pass the title from the vendor, unless the certificate shew, not only that the deed was acknowledged, but also sub» scribed by him in their presence. See Womack and Wilson vs. Hughes (Littell’s select cases, 292.) McConnel vs. Brown (Ib. 459.) Hynes vs. Campbell (VI Monroe 288:) The doctrine thus settled by these authorities, whether right or wrong, cannot be now disturbed.
The expression, “shall certify the same,” must be construed as comprehending every thing which the first section requires to be done by the wife as well ag the husband,
If it be necessary that she should subscribe jier name to the deed, the justices should certify that fact.
'film Chief Justice is of opinion that, in the class cases to which the act of 1792 applies, the subscrjption of the wife’s name in the presence of the justices, and her privy examination and voluntary relinquishment, are both necessary to divest her of her dower; and that, therefore, as the justices were not commissioned by dedimus according to the statntc °1 1797, their certificate (even if it had been sufficient as to the husband) is insufficient in this case to shew that the appellee had ever divested herself of her right to dower, ”
, On this point, Judge Buckner is unwilling now to express any opinion; and therefore it will not be discussed or definitively settled in this case, especially as the decree may be affirmed on another point.
Tim justices did not certify that the husband had subscribed the deed in their presence. And we know of no statute which prescribes any mode for relindashing dower, during the life of the husband, unless he shall concur in the conveyance, and divest himself, or have previously divested himself of his f„e
As, therefore, there is no proof that the appellee’s to dower was ever relinquished according to law, an<l as ccJ,'idy must, in such a case, follow the *41 law, the decree must be affirmed, even though facts may exist, which might render the appellee’s claim questionable, if tested by the principles of perfect honor, instead of the rules of -positive law. Decree affirmed.